DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**METROPOLITAN LIFE INSURANCE CO.,**

        **Plaintiff,**                    **Civil Action**

**vs.**                                   **No. 07-2481-CM-DJW**

**OLIN L. COONES, et al.,**

        **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

Pending before the Court is Cross-Claimant Olin L. Coones' ("Coones") Motion for Extension of Time and for Modification of Scheduling Order (doc. 25). Coones seeks an extension of time to respond to requests for admission propounded by the Cross-Claim Defendant Estate of Kathleen Schroll ("the Schroll Estate") and for an unspecified amendment of the Scheduling Order.

In support of his motion, Coones states that he has been incarcerated since April 2008. He further states that "DNA evidence . . . is expected to be received by October 6, 2008," and that he will likely remain in jail until at least that date.[1] Coones, who is represented by an attorney in this action, maintains that until the criminal charges against him are resolved, or he is released from jail, he cannot "meaningfully participate in this case."[2]

### I.      Extension of time to Respond to Requests for Admission

Coones states that his attorney received the Schroll Estate's requests for admission on July 22, 2008. Coones moves for an unspecified extension of time to respond to them. The Schroll Estate opposes Coones' motion, arguing, *inter alia*, that it is untimely. The Schroll Estate explains

---

[1] Mot. for Ext. of time and for Modification of Scheduling Order (doc. 25) at p. 2.

[2] *Id.*

that it served the requests for admission on July 10, 2008 by serving them via U.S. Mail on Coones' attorney. It maintains that Coones' responses were due within thirty days of the mailing, or by August 10, 2008. Thus, to be timely, Coones' motion should have been filed by that date. Because Coones did not file the instant motion until August 22, 2008, however, the Schroll Estate argues that it is untimely.

Federal Rule of Civil Procedure 36 governs requests for admissions. Subsection (a)(1)(3) of Rule 36 provides that responses to requests for admission are due "within 30 days after being served."[3] Because the Rule expressly refers to 30 days after "being served," the Court finds that it is the date the requests are "served" which controls and not the date they are "received." Thus, the date Coones' counsel received the requests for admission is immaterial.

Using the July 10, 2008 date of service, and taking into consideration the additional three days provided for by Rule 6(d),[4] Coones' responses to the requests for admission were due on August 12, 2008. Coones, however, did not file his motion for extension of time until August 22, 2008.

Pursuant to D. Kan. Rule 6.1, motions for extension of time "will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect."[5] In light of this rule, Coones' motion for extension of time should have been filed on or

---

[3]Fed. R. Civ. P. 36(a)(1)(3).

[4]Fed. R. Civ. P. 6(a)(d) provides as follows: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Here, service was made by mail, pursuant to Rule 5(b)(2)(C).

[5]D. Kan. Rule 6.1.

before August 12, 2008.  Because it was not filed until August 22, 2008, it was untimely and should be denied unless Coones makes a showing of excusable neglect.

The Court finds that Coones has failed to make the requisite showing of excusable neglect. Coones' only explanation for filing his motion on August 22, 2008 is based on his erroneous assumption that the thirty-day response time did not begin until his attorney received the requests for admission.  Such an error does not excuse the late filing, however.  It is well settled that "[i]nadvertence, ignorance of the rules, or mistakes in construing the rules do not usually constitute 'excusable' neglect."[6]  Moreover, the mere fact that Coones is incarcerated does not excuse his counsel from meeting deadlines.  Because the motion for extension of time is untimely and Coones has not established excusable neglect, the Court must deny the motion.

## II.   Motion to Modify the Scheduling Order

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."[7]  The Scheduling Order in this case contains the same requirement.[8]  Thus, Coones must establish good cause for amending the Scheduling Order.

The Court finds that good cause has not been established.  Coones' counsel does not explain why or how his client's incarceration renders him unable to participate in this lawsuit, and the Court declines to speculate as to what challenges counsel faces in handling this case while Coones is incarcerated.  Moreover, Coones fails to indicate for what period of time he desires to extend the

---

[6]*U.S. v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004); *Almond v. Unifed School Dist.* #501, No. 07-4064-JAR, 2008 WL 1773863, at *1 (D. Kan. Apr. 16, 2008) (analyzing "excusable neglect" within the meaning of D. Kan. Rule 6.1).

[7]Fed. R. Civ. P. 16(b)(4).

[8]Scheduling Order (doc. 17), p. 9.

various deadlines and settings contained in the Scheduling Order.  As the Schroll Estate indicates, it is conceivable that Coones may not be tried for months or even years and that he would remain incarcerated during that time period.  To extend the various deadlines and settings for an indeterminate period of time without sound justification for doing so would be contrary to the reasonable and efficient processing of litigation that is of utmost importance in attempting to provide all parties a just, speedy and inexpensive resolution of their disputes.[9]

**IT IS THEREFORE ORDERED** that Cross-Claimant Olin L. Coones' Motion for Extension of Time and for Modification of Scheduling Order (doc. 25) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 16th day of September 2008.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:    All counsel and *pro se* parties

---

[9]*See* Fed. R. Civ. P. 1.