IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** ) ) ) **Plaintiff,** ) ) ) **v.** ) ) ) **OLIN L. COONES and ESTATE OF KATHLEEN YVONNE HADLEY-SCHROLL,** ) ) ) ) ) **Defendants.** ) ) | **CIVIL ACTION** Case No. 07-2481-CM |

## MEMORANDUM AND ORDER

Former plaintiff Metropolitan Life Insurance Company brought this interpleader action, asking the court to determine to whom it should pay life insurance proceeds. Plaintiff originally named Olin L. Coones—son of the deceased—and Kathleen Yvonne Hadley-Schroll—named beneficiary for the insurance policy. During the pendency of this case, Kathleen Yvonne Hadley-Schroll passed away and her estate was substituted as a party. The case is before the court on defendant Estate of Kathleen Yvonne Hadley-Schroll's Motion for Summary Judgment (Doc. 28).

Defendant Coones did not respond to the motion for summary judgment, despite being given two extensions of time to respond. The court advised defendant Coones that if he did not respond by January 15, 2009, either through an attorney or *pro se*, the court would consider the motion uncontested. Defendant Coones was represented by counsel until February 9, 2009, when counsel was permitted to withdraw.

The court has reviewed the motion for summary judgment and finds that there are no genuine issues of material fact. The undisputed facts are that Olin F. Coones died of natural causes and carried life insurance in the amount of $42,930. Kathleen Schroll was the latest designated

beneficiary for the proceeds of the life insurance.  She made a timely claim before her death.

Based on these facts, the court determines that there is no factual issue as to who should receive the benefits paid into the court register.  As a matter of law, the Estate of Kathleen Yvonne Hadley-Schroll is entitled to the proceeds.

If defendant Coones believes that the court has committed clear error or that there is a valid reason to alter or amend judgment to prevent manifest injustice, he should file an appropriate motion in accordance with Fed. R. Civ. P. 59(e) no later than 10 days after the entry of judgment.  The clerk's office is directed to withhold disbursement of funds until 14 business days after the entry of judgment or the resolution of any timely-filed motion to alter or amend, whichever date is later.

**IT IS THEREFORE ORDERED** that defendant Estate of Kathleen Yvonne Hadley-Schroll's Motion for Summary Judgment (Doc. 28) is granted.

Dated this 10th day of March 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**